**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                          Case No.:    3:12-cr-208-J-34MCR

JEFFREY DESHAWN COLLINS,

        Defendant.

_____/

## ORDER

Before the Court is Defendant Jeffrey Deshawn Collins's "Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) in Light of Amendment 782 of the United States Sentencing Guidelines." (Doc. 50, Motion).[1]  The United States responded in opposition. (Doc. 53, Response).   The United States Probation Office and the United States Attorney each contend that Collins is not eligible for a sentence reduction under Amendment 782 because his sentence did not depend on the drug quantity table set forth in U.S.S.G. § 2D1.1.  Instead, Collins's base offense level was set by U.S.S.G. § 2K2.1, which governs firearm offenses, and his ultimate Sentencing Guidelines range was based on an enhancement for being an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4.  Response at 2; (Doc. 47, Amendment 782 Memorandum at 1).

The Court has reviewed the presentence investigation report and the Amendment 782 Memorandum from the United States Probation Office.  The record confirms that

---

[1]    Amendment 782 amended the drug quantity table in U.S.S.G. § 2D1.1(c) so as to reduce the base offense level for most drug offenses by two levels.

U.S.S.G. § 2K2.1 determined Collins's base offense level, and that his Sentencing Guidelines range was based on his status as an armed career criminal, not the drug quantity table in § 2D1.1(c).  Amendment 782 Memorandum at 13-14.[2]

Amendment 782 only affects sentences determined by the application of the § 2D1.1(c) drug quantity table.  See U.S.S.G. App. C, Amend. 782 (2014).  Where, as here, a retroactively applicable Guideline amendment does not alter the sentencing range upon which a defendant's sentence was based, § 3582(c)(2) does not authorize a reduction in sentence.  United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008); U.S.S.G. § 1B1.10(a)(2)(A) (a reduction is not permitted if an amendment "is inapplicable to the defendant."); U.S.S.G. § 1B1.10(a)(2)(B) (a reduction is not permitted if an amendment "does not have the effect of lowering the defendant's applicable guideline range.").

Accordingly, it is hereby

**ORDERED**:

Defendant Jeffrey Deshawn Collins's "Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) in Light of Amendment 782 of the United States Sentencing Guidelines" (Doc. 50) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 1st day of March, 2017.

MARCIA MORALES HOWARD
United States District Judge

---

[2]   Although Collins was also convicted of possession of less than 28 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841, that offense played no role in driving his Sentencing Guidelines calculation.   See Amendment 782 Memorandum at 13-14; see also United States v. Thomas, 545 F.3d 1300, 1302-03 (11th Cir. 2008) ("The reduction of base offense levels in relation to crack cocaine quantities under U.S.S.G. § 2D1.1(c) ha[d] no effect on Thomas' sentencing range" where the defendant was sentenced as an armed career criminal).

Copies to:
Counsel of Record
United States Marshals Service
United States Probation Office
Bureau of Prisons
Defendant